UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT OWENSBORO

**LARRY G. BROOKS,**
       **Plaintiff**

**v.**                  **Civil Action No.**
                    **4:06CV27-J**

**JO ANNE B. BARNHART, Commissioner**
 **Social Security Administration,**
       **Defendant**

## MEMORANDUM OPINION AND ORDER

   In mid-February, plaintiff filed a complaint and a request to proceed in forma pauperis. Reasonably relying on plaintiff's concession that he owns unencumbered assets, and possibly hampered by plaintiff's failure to complete the standard form available from the office of the Clerk of Court, the Magistrate Judge denied the motion to proceed without prepayment of costs. Re-examining the matter sua sponte, the Court believes it is appropriate to set out its view of the statute permitting proceedings in forma pauperis ("IFP").

   Title 28 U.S.C. Sec. 1915 allows the "commencement ... of any suit ... without prepayment of fees or security therefor" upon a showing that "the person is unable to pay ... fees or give security therefor."  In the civil action at bar, the fees would consist primarily of filing fees, which, at the time of the filing of this petition, stood at $250 (beginning June 1, the filing fee for a civil action will increase to $350).  In order to determine whether an applicant has the ability to pay that $250, the Court must consider the applicant's income, savings, valuable property, dependent responsibilities, debts and ongoing expenses.  Upon request, the Clerk of

Court provides a form entitled Application to Proceed Without Prepayment of Fees that can be used to detail this information in support of an IFP petition. Local Rule 5.3(b) provides, however, that the IFP applicant may file a "motion and affidavit that includes the same information."

In this case, the plaintiff elected not to complete the Application to Proceed Without Prepayment of Fees; rather than including all necessary information (e.g., debts and monthly expenses), the plaintiff merely listed his income ($0 plus $150 per month in food stamps), gifts received from his mother ($150 per month), the fact that he owned a 28 year old pickup truck (value unspecified, but presumably having little monetary value), and the value of his house ($12,000). Although it stands to reason that this plaintiff has monthly expenses (food and personal items not covered by food stamps, utility costs, gasoline, clothing, medical costs, etc.), his omission of this important information meant that the reviewing judicial officer would have to speculate regarding such expenses. If this plaintiff has debt, we do not know about it, nor are we told whether other people share his home. While a litigant may choose not to complete the standard form, counsel should advise him that it is clearly in his interest for his papers to include *all* necessary information.

One source of information regarding determinations of indigency is the Census Bureau poverty threshold data, which is based on analysis of minimum costs of living. Included in the 1981 Omnibus Budget Reconciliation Act is the requirement that the United States Department of Health and Human Services update these poverty guidelines be updated annually in the Federal Register. 42 U.S.C. 9902(2). For 2006, a household of one is considered to be "below the poverty level" if household income is below $9800. There is nothing in the record here to

indicate that Mr. Brooks' mother has any obligation to provide him with cash on a regular basis, but even if we treat her gifts to him as "income," and if we assume he is the only person living on that "income," we note that his "income" is $8000 below the poverty threshold.  Thus, while a $250 filing fee may appear insubstantial, it amounts to almost one-sixth of plaintiff's "income."  Lacking other resources, it is apparent that Mr. Brooks would be unable to prepay costs.

What then of other resources?  The fact that plaintiff has some resources is not the deciding factor.  It has long been established that Section 1915(a) "does not require a litigant to demonstrate absolute destitution; no party must be made to choose between abandoning a potentially meritorious claim or foregoing the necessities of life."  Adkins v. E.I. DuPont de Nemours & Co., Inc., 335 U.S. 331, 339, 69 S.Ct. 85, 89, 93 L.Ed. 43 (1948).  See also Potnick v. Eastern State Hospital, 701 F.2d 243 (2d Cir. 1983),  Jefferson v. U.S., 277 F.2d 723 (9th Cir. 1960).  Furthermore, not every possible source of the filing fee is appropriate for consideration.  For example, IFP status will not be denied on grounds that the plaintiff's attorney anticipates payment from the proceeds of the suit.  Adkins, supra, at 344; Dillard v. Liberty Loan Corp., 626 F.2d 363 (4th Cir. 1980);  Flowers v. Turbine Support Division, 507 F.2d 1242 (5th Cir. 1975).

Clearly, Mr. Brooks' primary asset is his home, which he states is worth $12,000, and it was this asset that was of most significance to the judicial officer who reviewed this petition.  However, while the Magistrate Judge's reasoning is entirely understandable, the Court also finds persuasive plaintiff's argument that the value of his home ($12,000) is not available for payment of court costs.  Because he has no regular income, it appears that using his property as security for a loan is not a realistic option.  Mr. Brooks could, presumably, sell the house and use a small

portion of the proceeds to pay the court costs, but such a move could leave him even more impoverished because he would then increase his outlay for housing costs.  Thus, even though Mr. Brooks owns $12,000 worth of property, the reality is that he is nonetheless unable to pay the court costs.

There are no bright line rules for these determinations, and the Court is fully aware that reasonable jurists may differ in the exercise of their discretion.  Nonetheless, based on the factors discussed herein, the Court is of the opinion that reconsideration of the motion to proceed without prepayment of costs is appropriate.  Accordingly,

IT IS ORDERED:

1.  Plaintiff's request to proceed herein without prepayment of costs is granted.

2.  Plaintiff's time for effecting service in accordance with Fed.R.Civ.Pro. 4 is extended to May 31, 2006.

3.  The Clerk of Court shall enter the standard social security scheduling order.